UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

05 10034 JLT

PAINTERS & ALLIED TRADES
DISTRICT COUNCIL NO. 35
    Plaintiff,

v.

ALLIED PAINTING & DECORATING
    Defendant.

MJ Alexander

C.A. No.

RECEIPT # 6126 /
AMOUNT $ 150
SUMMONS ISSUED YES
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE

## COMPLAINT

1. This is an action to enforce a labor arbitration award pursuant to §301 of the Labor Management Relations Act (the "Act"), 29 U.S.C. §185. This Court has jurisdiction pursuant to 28 U.S.C. §1331 and §1337.

2. Plaintiff, Painters & Allied Trades District Council No. 35, is a labor organization within the meaning of 29 U.S.C. §152(5) and is the duly authorized collective bargaining representative of painters and their allied trades employed in Massachusetts, Maine, New Hampshire and Vermont. Plaintiff maintains its principal office in Roslindale, Massachusetts.

3. Defendant, Allied Painting & Decorating, is an employer within the meaning of 29 U.S.C. §152(2) and §185, is registered in Massachusetts, conducts business in this judicial district and has its principal place of business in Farmingdale, New Jersey.

4. Plaintiff and Defendant are parties to a collective bargaining agreement that is a contract within the meaning of 29 U.S.C. §185(a) and that, among other things, provides for arbitration of disputes arising under the agreement.

5. Plaintiff invoked the grievance and arbitration provision of the applicable collective bargaining agreement and submitted to arbitration a dispute with Defendant that had arisen under the collective bargaining agreement.

6. The parties' collective bargaining agreement provides that the Joint Trade Board is authorized to hear and adjudicate "all questions of interpretation of this agreement and all grievances and complaints" and that the Joint Trade Board's decisions are binding as to the parties.

7. Following a hearing in Boston, Massachusetts on the Plaintiff's grievance, of which the Defendant was given notice, the Joint Trade Board duly issued an award on June 2, 2004 sustaining Plaintiff's grievance against the Defendant and awarding Plaintiff and its affiliated funds the amount of $30,909.51 and ordered the Defendant to provide payment of that amount within ten (10) days of receipt of that letter. (Attached hereto as Exhibit "A"). Defendant received the Joint Trade Board Award on June 3, 2004.

8. To date and without any lawful justification, Defendant has refused to comply with the Joint Trade Board's award.

9. The Massachusetts Arbitration Act requires that any action to vacate an arbitration award be filed within thirty (30) days of the award. M.G.L. c. 150 § 11.

10. Defendant failed to file an action to vacate the arbitration award within thirty (30) days of its receipt.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant:

a. ordering Defendant to pay the Joint Trade Board the amount of $30,909.51 with pre-judgment interest from ten days after the receipt of the Award as provided for in the collective bargaining agreement;

b. ordering the Defendant to pay Plaintiff's costs and attorney's fees for bringing this action;

c.  awarding such other and further relief as may be just and proper; including, but not limited to, declaring that the Defendant is time-barred from asserting any affirmative defenses because the statutory period of thirty (30) days has elapsed.

        Plaintiff,
Painters & Allied Trades District Council No. 35,
By its attorney,

*/s/ Michael A. Feinberg*

Michael A. Feinberg, BBO #161400
Feinberg, Campbell & Zack, P.C.
177 Milk Street
Boston, MA 02109
(617) 338-1976

DATED: January 5, 2005

Chairman - Secretary
**Thomas J. Gunning**
PFEANE. Inc.
GEANE, Inc.

NEW ENGLAND

PAINTING, FINISHING & GLAZING INDUSTRIES

Treasurer
**Ralph Harriman**
District Council No. 35

## DC 35 Joint Trade Board

UPS

Painters and Allied Trades District Council No. 35
Labor & Management Working Together in MA, ME, NH, VT

**DC-12**

June 2, 2004

Robert P. Smith, President
Allied Painting & Decorating
1715 Highway #35
Farmingdale, NJ 07727

Dear Mr. Smith:

This matter came before the New England Painting, Finishing & Glazing Industry DC 35 Joint Trade Board at a hearing on June 1, 2004 at the offices of Painters District Council No. 35, 25 Colgate Road, Roslindale, MA.

Despite prior written notice that a hearing would take place as scheduled, no one appeared on behalf of the Company.

William Doherty, D.C. 35 Business Representative, presented the evidence supporting the charges filed by the Painters & Allied Trades District Council No. 35. Mr. Doherty testified that the Company has been signatory with the District Council since January 6, 2000.

Mr. Doherty testified that the charges against the Company involve violations of the agreement, specifically Article IX, <u>Funds General Requirements</u>, Article X, <u>Dues Check-Off</u>, Article XI, <u>Out of Town Work</u>, Article XVII, <u>Subcontracting</u> (B) and Article XVIII, <u>Job and Overtime Registration</u> Sections 1 & 2.

Mr. Doherty described, in detail, how on February 22, 2004, he and Fernando Matos, a Painters DC 35 Organizer, discovered six (6) painters working for a non-union company [Total Painting] on the Residence Inn by Marriott job in Tewksbury, MA. Among the painters were three painters who were wearing Allied Painting & Decorating jackets. Later, on March 3, 2004, Mr. Doherty and Jeff Sullivan, a Painters DC 35 Business Representative, returned to the job site. At that time they were informed by Craig Ramos, General Manager of the Residence Inn by Marriott, that the hotel had hired Allied Painting & Decorating to perform the painting work.

Based upon the evidence, the Board unanimously voted that Allied Painting & Decorating violated Article IX, <u>Funds General Requirements</u>, Article X, <u>Dues Check-Off</u>, Article XI, <u>Out of Town Work</u>, Article XVII, <u>Subcontracting</u> (B) and Article XVIII, <u>Job and Overtime Registration</u> Sections 1 & when it subcontracted the painting work at the Residence Inn by Marriott in Tewksbury, MA to a non-union painting contractor. Based on Mr. Doherty's testimony, the Joint Trade Board determined that six (6) painters worked three (3) weeks to complete the job. Utilizing the Zone 2 Repaint Rate of $38.34 per hour the total wage and fringe benefit package owed by Allied Painting & Decorating is $27,604.80. In addition, the Joint Trade Board determined that based on the hours worked by the painters, Allied Painting & Decorating also owes $502.63 in dues to the Union, $108.00 to the Union's Political-Public Relations Committee, $324.00 to the Union's Organizing Committee and $2,170.08 representing 20% of the fringe benefits as liquidated

damages for non-payment of fringe benefits. The Joint Trade Board also voted that an administrative fee of $200 be paid by Allied Painting & Decorating.

Therefore, a check in the amount of $30,909.51, made payable to the New England Painting, Finishing and Glazing Industry D.C. 35 Joint Trade Board should be mailed within ten (10) days following receipt of this Award to New England Painting, Finishing & Glazing Industry DC 35 Joint Trade Board, 1400 Hancock St., 7th floor, Quincy, MA 02169.

In the event that the Company fails to comply with any of the terms of this Award and the Union prevails at any proceeding to obtain judicial enforcement of the Award, the Union's reasonable attorney's fees incurred in such proceedings, as determined by the court on an application for attorney's fees, shall be deemed and, hereby is, a part of this Award. In addition to attorney's fees the Union shall be entitled to pre-judgment interest on any amount found to be owed by the Company from a date ten (10) days after the Company's receipt of the Award, which interest shall be calculated at 1-1/2 % above prime up to $500.00 and 2% above prime over $500.00 or any other higher amount allowed by law or regulation.

The Board voted unanimously for the findings, conclusions and award set forth herein.

For your information, a copy of the Appeal Procedure is attached hereto.

Cordially,

Thomas J. Gunning
Chairman/Secretary

Enclosure

cc: Ralph Harriman, Business Manager
    Sharon Saganey, Funds Administrator
    Michael A. Feinberg, Esq., Feinberg, Campbell & Zack, P.C.
    William Doherty, Bus. Representative
    Painters & Allied Trades District Council No. 35

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) <u>Painters & Allied Trades District Council No. 35 v. Allied Painting & Decorating</u>

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   _____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES ☐   NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
   YES ☐   NO ☒

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
   YES ☐   NO ☒

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
   YES ☐   NO ☒

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
   YES ☐   NO ☒

   A. IF YES, IN WHICH DIVISION DO <u>ALL</u> OF THE NON-GOVERNMENTAL PARTIES RESIDE?
      EASTERN DIVISION ☐   CENTRAL DIVISION ☐   WESTERN DIVISION ☐

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
      EASTERN DIVISION ☒   CENTRAL DIVISION ☐   WESTERN DIVISION ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME <u>Michael A. Feinberg, Esq., Feinberg, Campbell & Zack, P.C.</u>
ADDRESS <u>177 Milk Street, Boston, MA 02109</u>
TELEPHONE NO. <u>617-338-1976</u>

(Cover sheet local.wpd - 11/27/00)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Painters & Allied Trades District Council No. 35

## DEFENDANTS
Allied Painting & Decorating

**(b)** County of Residence of First Listed Plaintiff __Suffolk__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Feinberg, Campbell & Zack, P.C.
177 Milk Street
Boston, MA 02109    617-338-1976

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☒ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation | |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | |
| | | | ☐ 871 IRS—Third Party 26 USC 7609 | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

enforcement of Arbitration Award pursuant to §301 of the Labor Management Relations Act, 29 U.S.C. §185

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ 30,909.51    CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE: Jan 5, 2005
SIGNATURE OF ATTORNEY OF RECORD: _(signature)_

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____